J. W. HALE, ETC., *v.* J. C. VANARSDALE, ETC.

**Taxation—Lien—Execution of Sheriff's Bond.**

A lien created by the execution of a sheriff of the bond pre-
scribed by R. S., ch. 83, art. 9, § 3, applies only to the revenue
and public dues for which the sheriff is bound directly to the com-
monwealth.

**Taxation—Lien—Revenue Bond.**

The revenues collected by a sheriff are protected by a bond exe-
cuted pursuant to R. Stat., ch. 26, art. 2, § 3, and the county does
not have a lien on the estate of the sheriff for their security.

**Taxation—Right of County Court to Revenues Collected.**

The rights of a county court as to revenues collected are like
those of the county creditors, and are no greater or more compre-
hensive.

**Taxation—Lien of County Levy.**

The lien of the state for taxes assessed does not extend to coun-
ties in favor of the county levy.

**Taxation—Sureties of County Auditor—Lien.**

The quietus of the county auditor, which relates only to the reve-
nues and public dues of the state, extinguishes the lien, and leaves the
sheriff's real estate as free from incumbrance as though no bond
had been given.

APPEAL FROM MERCER CIRCUIT COURT.

December 3, 1872.

OPINION BY JUDGE LINDSAY:

The lien created by the execution by the sheriff of the bond pre-
scribed by Sec. 3, Article 9, Chapter 83 of the Revised Statutes,
applies only to the revenue and public dues, for which the sheriff is
bound directly to the commonwealth. The entire chapter is devoted
to the revenues and public dues to be annually collected for the pay-
ment of the expenses and debts of the state.

The county levy or revenues is secured by the bond executed pur-
suant to Sec. 3, Article 2, Chapter 26, of Revised Statutes. The
statute does not give to the county a lien upon the real estate of the
sheriff. The right of the county to sue on the bond is provided for

by Sec. 6 of said article and chapter. Like remedies are given to the various county courts to compel the sheriffs to settle their accounts and pay over money in their hands belonging to the counties as are given to county creditors. To these creditors the sheriff and his sureties, their heirs, devisees and personal representatives, are jointly and severally liable. Against them such creditors may have judgments in *personam*, but the statute gives them no lien upon any part of the estate of the sheriff.

The rights of the county courts are like those of the county creditors and not greater or more comprehensive.

The language of the statute providing for the lien in favor of the commonwealth does not authorize the conclusion that it was intended that counties should also have a similar lien.

The quietus of the auditor which relates only to the revenues and public dues of the state, extinguishes the lien, and leaves the sheriff's realty as free from encumbrance as though no bond had ever been given. The demurrer to appellants' petition was properly sustained.

Judgment *affirmed.*

*Bush, Kyle & Poston,* for appellants.

*J. B. & P. B. Thompson, James,* for appellees.